UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

TRENDTEX FABRICS, LTD. and TRENDTEX
HOLDING, LLC

   Plaintiffs,

 v.

BONNIE BROWN DESIGNS, INC. d/b/a
ISLAND PLANET,

   Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiffs TRENDTEX FABRICS, LTD. and TRENDTEX HOLDING, LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby allege as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and sale of copyrighted fabric surface designs owned and registered by Plaintiffs. Accordingly, Plaintiffs seek relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction under 17 U.S.C. §§ 101 *et seq*. and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

3. This court has personal jurisdiction over Defendant, which is incorporated in and has its principal place of business in this District.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because this is the state and District where Defendant resides and where a substantial part of the events giving rise to the claim occurred.

## PARTIES

5. Plaintiff TRENDTEX FABRICS, LTD. ("Trendtex Fabrics") is a corporation incorporated in the State of Hawaii and has its principal place of business in Honolulu, Hawaii.

6. Plaintiff TRENDTEX HOLDING, LLC ("Trendtex Holding") is a limited liability company organized in the State of Hawaii and has its principal place of business in Honolulu, Hawaii.

7. Based on information and belief, Defendant BONNIE BROWN DESIGNS, INC. ("Defendant") is a corporation incorporated in the State of Florida, does business as ISLAND PLANET, and has a principal place of business at 3290 N 29th Court, Hollywood, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff Trendtex Holding is the owner of the copyrights to numerous Hawaiian print surface designs. Plaintiff Trendtex Fabrics is a fabric wholesaler. Plaintiff Trendtex Holdings exclusively licenses its copyrighted surface designs to Plaintiff Trendtex Fabrics, which manufactures and wholesales fabrics displaying these copyrighted surface designs to garment manufacturers and retail fabric sellers. These fabric purchasers are in turn granted a license to display and sell garments or printed materials made from the purchased fabrics. These displays are limited to advertising and sales purposes only, and the license does not permit the garment manufacturers, retail fabric sellers, or consumers to copy or reproduce the printed surface designs for any other purpose.

9. Plaintiff Trendtex Fabrics also makes samples of its designs publicly available for viewing on its websites trendtex-fabrics.com and hawaiibarkcloth.com as well as in person at its place of business. These public displays of the copyrighted surface designs are for advertising and sales purposes only; they do not give viewers permission to otherwise use the designs without Plaintiff Trendtex Fabrics' express license, authorization, or consent.

10. Plaintiff Trendtex Fabrics was the registrant of the Hawaiian print fabric surface design identified as KS-5420 and registered with the United States Copyright Office as part of copyright registration certificate VA 1-038-910. This copyright was assigned to Plaintiff Trendtex Holding on October 31, 2022, and licensed back to Plaintiff Trendtex Fabrics.

11. Plaintiff Trendtex Fabrics was the registrant of the Hawaiian print fabric surface design identified as KS-5422 and registered with the United States Copyright Office as part of copyright registration certificate VA 1-061-879. This copyright was assigned to Plaintiff Trendtex Holding on October 3, 2022, and licensed back to Plaintiff Trendtex Fabrics.

12. Plaintiff Trendtex Fabrics was the registrant of the Hawaiian print fabric surface design identified as KS-6513 and registered with the United States Copyright Office as part of copyright registration certificate VAu 499-548. This copyright was assigned to Plaintiff Trendtex Holding on October 31, 2022, and licensed back to Plaintiff Trendtex Fabrics.

13. Plaintiff Trendtex Fabrics was the registrant of the Hawaiian print fabric surface design identified as EH-80106 and registered with the United States Copyright Office as part of copyright registration certificate VA 1-048-372. This copyright was assigned to Plaintiff Trendtex Holding on October 24, 2022, and licensed back to Plaintiff Trendtex Fabrics.

14. Plaintiffs have complied in all respects with 17 U.S.C. §§ 101 *et seq.* and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works

described in Paragraphs 9 through 12 above.

15. Defendant owns and operates the website islandplanet.com.

16. Based on information and belief, Defendant is engaged in the design, manufacture, and/or importation of garments that it sells to the public through its website and also through physical displays in other stores such as CVS and Walgreens.

### FIRST CLAIM FOR RELIEF
(Copyright Infringement – The KS-5420 Surface Design)

17. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 16 as if fully restated herein.

18. On or about October 3, 2022, Plaintiffs discovered that a garment named Dress #105-7 was being offered for sale on islandplanet.com.

19. Dress #105-7 bears a print design that is substantially similar or identical to Plaintiffs' copyrighted KS-5420 surface design. A side-by-side comparison of Plaintiffs' KS-5420 surface design and Dress #105-7 is set forth in Figure 1 forth below:

**Figure 1**

| KS-5420 | Dress #105-7 |

 

20. Plaintiffs have neither licensed Defendant to reproduce or sell the copyrighted KS-5420 surface design nor sold fabric to Defendant containing the copyrighted KS-5420

surface design. Plaintiffs have also not been compensated for Defendant's use of the copyrighted KS-5420 surface design. Defendant's importation, manufacture, and/or sale of garments displaying a surface design substantially similar or identical to Plaintiffs' copyrighted KS-5420 surface design is therefore unauthorized.

21. Based on information and belief, Defendant had access to Plaintiffs' KS-5420 surface design, including, without limitation, through (a) Plaintiffs' website or place of business; (b) access to fabric displaying the infringed surface design at fabric stores or other retailers; (c) access to garments or accessory products in the marketplace manufactured with lawfully printed fabric displaying the KS-5420 surface design; (d) access to samples displayed by Plaintiffs' licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric displaying the KS-5420 surface design.

22. The acts by Defendant complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, their rights under 17 U.S.C. § 106.

23. On or about October 5, 2022, Plaintiffs issued a notice of copyright infringement to Defendant's counsel via email.

24. Based on information and belief, Defendant has realized profits as a direct and proximate result of its wrongful conduct.

25. As a direct and proximate result of the infringement by Defendant, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

26. As a direct and proximate result of the infringement by Defendant, Plaintiffs are entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to its

infringing conduct, and an accounting of and a constructive trust with respect to such profits.

27. Alternatively, Plaintiffs are entitled to statutory damages up to $30,000 pursuant to 17 U.S.C. § 504(c).

28. Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**(Copyright Infringement – The KS-5422 Surface Design)**

29. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 28 as if fully restated herein.

30. On or about October 3, 2022, Plaintiffs discovered that a garment named the Rayon Pants Print #129 (the "129 Pants") was being offered for sale on islandplanet.com.

31. The 129 Pants bear a print design that is substantially similar or identical to Plaintiffs' copyrighted KS-5422 surface design. A side-by-side comparison of Plaintiffs' KS-5422 surface design and the 129 Pants is set forth in Figure 2 forth below:

**Figure 2**

KS-5422                                129 Pants

        

32. Plaintiffs have neither licensed Defendant to reproduce or sell the copyrighted KS-5422 surface design nor sold fabric to Defendant containing the copyrighted KS-5422 surface design. Plaintiffs have also not been compensated for Defendant's use of the copyrighted

6

KS-5422 surface design. Defendant's importation, manufacture, and/or sale of garments displaying a surface design substantially similar or identical to Plaintiffs' copyrighted KS-5422 surface design is therefore unauthorized.

33. Based on information and belief, Defendant had access to Plaintiffs' KS-5422 surface design, including, without limitation, through (a) Plaintiffs' website or place of business; (b) access to fabric displaying the infringed surface design at fabric stores or other retailers; (c) access to garments or accessory products in the marketplace manufactured with lawfully printed fabric displaying the KS-5422 surface design; (d) access to samples displayed by Plaintiffs' licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric displaying the KS-5422 surface design.

34. The acts by Defendant complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, their rights under 17 U.S.C. § 106.

35. On or about October 5, 2022, Plaintiffs issued a notice of copyright infringement to Defendant's counsel via email.

36. Defendant's website continued to display another garment, the #105-15 Dress, that infringed the KS-5422 surface design as October 30, 2022.

37. Based on information and belief, Defendant has realized profits as a direct and proximate result of its wrongful conduct.

38. By continuing to sell garments that infringed Plaintiffs' copyrighted KS-5422 surface design nearly a month after receiving the notice of copyright infringement, Defendant has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

39. As a direct and proximate result of the infringement by Defendant, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no

adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

40. As a direct and proximate result of the infringement by Defendant, Plaintiffs are entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to its infringing conduct, and an accounting of and a constructive trust with respect to such profits.

41. Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

42. Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
(Copyright Infringement – The KS-6513 Surface Design)

43. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 42 as if fully restated herein.

44. On or about October 3, 2022, Plaintiffs discovered that a garment named Dress #105-10 was being offered for sale on islandplanet.com.

45. The Dress #105-10 bears a print design that is substantially similar or identical to Plaintiffs' copyrighted KS-6513 surface design. A side-by-side comparison of Plaintiffs' KS-6513 surface design and Dress #105-10 is set forth in Figure 3 forth below:

**Figure 3**

KS-6513                     Dress #105-10

     

46.     Plaintiffs have neither licensed Defendant to reproduce or sell the copyrighted KS-6513 surface design nor sold fabric to Defendant containing the copyrighted KS-6513 surface design. Plaintiffs have also not been compensated for Defendant's use of the copyrighted KS-6513 surface design. Defendant's importation, manufacture, and/or sale of garments displaying a surface design substantially similar or identical to Plaintiffs' copyrighted KS-6513 surface design is therefore unauthorized.

47.     Based on information and belief, Defendant had access to Plaintiffs' KS-6513 surface design, including, without limitation, through (a) Plaintiffs' website or place of business; (b) access to fabric displaying the infringed surface design at fabric stores or other retailers; (c) access to garments or accessory products in the marketplace manufactured with lawfully printed fabric displaying the KS-6513 surface design; (d) access to samples displayed by Plaintiffs' licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric displaying the KS-6513 surface design.

48.     The acts by Defendant complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, their rights under 17 U.S.C. § 106.

49.     On or about October 5, 2022, Plaintiffs issued a notice of copyright infringement

to Defendant's counsel via email.

50.     Based on information and belief, Defendant has realized profits as a direct and proximate result of its wrongful conduct.

51.     As a direct and proximate result of the infringement by Defendant, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

52.     As a direct and proximate result of the infringement by Defendant, Plaintiffs are entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to its infringing conduct, and an accounting of and a constructive trust with respect to such profits.

53.     Alternatively, Plaintiffs are entitled to statutory damages up to $30,000 pursuant to 17 U.S.C. § 504(c).

54.     Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-80106 Surface Design)

55.     Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 54 as if fully restated herein.

56.     On or about January 7, 2023, Plaintiffs discovered that a garment named Sundress #205-16 had previously been offered for sale on islandplanet.com by no later than January 2022.

57.     The Sundress #205-16 bears a print design that is substantially similar or identical to Plaintiffs' copyrighted EH-80106 surface design. A side-by-side comparison of Plaintiffs' EH-80106 surface design and Dress #205-16 is set forth in Figure 4 forth below:

**Figure 4**

| EH-80106 | Dress #205-16 |
|---|---|
| |  |

58. Plaintiffs have neither licensed Defendant to reproduce or sell the copyrighted EH-80106 surface design nor sold fabric to Defendant containing the copyrighted EH-80106 surface design. Plaintiffs have also not been compensated for Defendant's use of the copyrighted EH-80106 surface design. Defendant's importation, manufacture, and/or sale of garments displaying a surface design substantially similar or identical to Plaintiffs' copyrighted EH-80106 surface design is therefore unauthorized.

59. Based on information and belief, Defendant had access to Plaintiffs' EH-80106 surface design, including, without limitation, through (a) Plaintiffs' website or place of business; (b) access to fabric displaying the infringed surface design at fabric stores or other retailers; (c) access to garments or accessory products in the marketplace manufactured with lawfully printed fabric displaying the EH-80106 surface design; (d) access to samples displayed by Plaintiffs' licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric displaying the EH-80106 surface design.

60. The acts by Defendant complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, their rights under 17 U.S.C. § 106.

61. Based on information and belief, Defendant has realized profits as a direct and proximate result of its wrongful conduct.

62. As a direct and proximate result of the infringement by Defendant, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

63. As a direct and proximate result of the infringement by Defendant, Plaintiffs are entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to its infringing conduct, and an accounting of and a constructive trust with respect to such profits.

64. Alternatively, Plaintiffs are entitled to statutory damages up to $30,000 pursuant to 17 U.S.C. § 504(c).

65. Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment of up to $240,000 and other relief against Defendant as follows:

A. On Plaintiffs' First Claim for Relief against Defendant:

   a. That Defendant be adjudged to have infringed upon Plaintiffs' copyrighted KS-5420 surface design in violation of 17 U.S.C. § 501;

   b. That Defendant be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted KS-5420 surface design;

   c. That Defendant be required to account for all profits derived from its infringement

of Plaintiffs' copyrighted KS-5420 surface design;

    d. That Plaintiffs be awarded either actual damages plus Defendant's profits from its infringement; or, alternatively at Plaintiffs' election, statutory damages up to $30,000 against Defendant pursuant to 17 U.S.C. § 504(c);

    e. That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

    g. That Plaintiffs be awarded such other and further relief as is just and proper.

B. On Plaintiffs' Second Claim for Relief against Defendant:

    a. That Defendant be adjudged to have infringed upon Plaintiffs' copyrighted KS-5422 surface design in violation of 17 U.S.C. § 501;

    b. That Defendant be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted EH-2N06 surface design;

    c. That Defendant be required to account for all profits derived from its infringement of Plaintiffs' copyrighted KS-5422 surface design;

    d. That Plaintiffs be awarded either actual damages plus Defendant's profits from its infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against Defendant pursuant to 17 U.S.C. § 504(c);

    e. That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

    g. That Plaintiffs be awarded such other and further relief as is just and proper.

C. On Plaintiffs' Third Claim for Relief against Defendant:

    a. That Defendant be adjudged to have infringed upon Plaintiffs' copyrighted KS-6513 surface design in violation of 17 U.S.C. § 501;

    b. That Defendant be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted KS-6513 surface design;

    c. That Defendant be required to account for all profits derived from its infringement of Plaintiffs' copyrighted KS-6513 surface design;

    d. That Plaintiffs be awarded either actual damages plus Defendant's profits from its infringement; or, alternatively at Plaintiffs' election, statutory damages up to $30,000 against Defendant pursuant to 17 U.S.C. § 504(c);

    e. That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

    g. That Plaintiffs be awarded such other and further relief as is just and proper.

D. On Plaintiffs' Fourth Claim for Relief against Defendant:

    a. That Defendant be adjudged to have infringed upon Plaintiffs' copyrighted EH-80106 surface design in violation of 17 U.S.C. § 501;

    b. That Defendant be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted EH-80106 surface design;

    c. That Defendant be required to account for all profits derived from its infringement of Plaintiffs' copyrighted EH-80106 surface design;

    d.  That Plaintiffs be awarded either actual damages plus Defendant's profits from its infringement; or, alternatively at Plaintiffs' election, statutory damages up to $30,000 against Defendant pursuant to 17 U.S.C. § 504(c);

    e.  That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

    g.  That Plaintiffs be awarded such other and further relief as is just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 25th day of January 2023.

*/s/ Heidi Howard Tandy*
HEIDI HOWARD TANDY
Florida Bar No. 163864
Berger Singerman
1450 Brickell Ave., Suite 1900
Miami, FL 33131-3453
Telephone: 305-714-4370
htandy@bergersingerman.com

*/s/ Leonard D. DuBoff*
LEONARD D. DUBOFF (*pro hac vice* forthcoming)
The DuBoff Law Group, PC
6665 SW Hampton St., Suite 200
Portland, OR 97223-8357
Telephone: (503) 968-8111
lduboff@dubofflaw.com

*Attorneys for Plaintiffs*