United States District Court
for the
Southern District of Florida

| | |
|---|---|
| TrendTex Fabrics, LTD and TrendTex Holdings, LLC, Plaintiffs, <br><br> v. <br><br> Bonnie Brown Designs, Inc., d/b/a Island Planet, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 23-20291-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

**Order on Motion to Dismiss**

This matter is before the Court on the Defendant Bonnie Brown Designs, Inc.'s ("Bonnie Brown") motion to dismiss the Plaintiffs Trendtex Fabrics, Ltd. ("Trendtex Fabrics") and Trendtex Holding, LLC's ("Trendtex Holding") complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (ECF No. 13.) The Plaintiffs have filed a response in opposition to Bonnie Brown's motion (ECF No. 15), Bonnie Brown has replied (ECF No. 16), and the Plaintiffs have filed a sur-reply (ECF No. 19). Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants in part and denies in part** Bonnie Brown's motion to dismiss, as explained below.[1] (**Mot., ECF No. 13**.)

**1. Background**

This action arises from Bonnie Brown's alleged infringement of the Plaintiffs' copyrighted designs. (Compl. ¶ 1, ECF No. 1.) The complaint sets forth that Bonnie Brown reproduced and sold four items of clothing displaying copyrighted surface designs owned by Trendtex Holding without authorization in violation of Section 501 of the Copyright Act. (*Id.*) Trendtex Holding owns numerous copyrights to various Hawaiian print surface designs and exclusively licenses its designs to Trendtex Fabrics, a fabric wholesaler. (*Id.* ¶ 8.) Trendtex Fabrics sells these fabrics to garment manufacturers and retail fabric sellers

---

[1] Bonnie Brown's motion was styled in the alternative as one for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*See* ECF No. 13.) A party may move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement under Rule 12(e) is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). After citing Rule 12(e) in the introduction, Bonnie Brown's motion fails to discuss it any further, leaving the Court guessing as to the nature of its request for a more definite statement. Because the Court will not speculate as to which allegations Bonnie Brown takes issue with, it will not address the request for a more definite statement further.

who are granted a license to display and sell items made from the fabric, but may not copy or reproduce the design for any other purpose. (*Id.*) The designs owned by Trendtex Holding are displayed publicly on two websites and can be viewed at the Plaintiffs' place of business for the sole purpose of advertisement and sales. (*Id.* ¶ 9.)

Trendtex Fabrics registered the designs identified as KS-5420, KS-5422, KS-6513, and EH-80106 with the United States Copyright Office. (*Id.* ¶¶ 10–13.) Each of these copyrights was assigned to Trendtex Holding in October 2022. The complaint asserts that the copyrighted designs were subsequently exclusively licensed back to Trendtex Fabrics, however, no information was provided as to the date or terms of these licensing agreements. (*Id.* ¶¶ 8, 10–13.)

The Plaintiffs assert that the online retail website islandplanet.com, owned and operated by Bonnie Brown, displayed four garments for sale that "bear[] a print design that is substantially similar or identical to Plaintiffs' copyrighted [] surface designs." (*Id.* ¶¶ 19, 31, 45, 57.) The Plaintiffs state they have not licensed Bonnie Brown to reproduce or sell copyrighted designs and have not sold it fabric. (*Id.* ¶¶ 20, 32, 46, 58.) The complaint alleges that Bonnie Brown had access to the copyrighted designs through the Plaintiffs' websites or place of business, and/or to fabric and garments sold by the Plaintiffs' licensees. (*Id.* ¶¶ 20, 33, 47, 59.) The Plaintiffs issued a copyright infringement notice on October 5, 2022, for two of the designs, identified as KS-5420 and KS-5422. (*Id.* ¶¶ 23, 35, 49.) The garment allegedly depicting KS-5422, or a substantially similar design, continued to be displayed as of October 30, 2022. (*Id.* ¶ 36.)

Based on the four claims of alleged copyright infringement, the Plaintiffs seek damages, injunctive relief, and attorney fees under 17 U.S.C. §§ 504 and 505. (*Id.* ¶¶ 38, 39, 42, 51, 52, 54, 62, 63, 65.) In response, Bonnie Brown argues that only Trendtex Holding has standing to sue for infringement of the assigned copyrights. Bonnie Brown also moves to dismiss the complaint for failure to join an indispensable party, Narmada Textile, under Federal Rule of Civil Procedure 12(b)(7), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 13.) As explained below, the Court agrees that Trendtex Holding is the only appropriate plaintiff based on the information provided in the pleadings. However, the Court otherwise denies Bonnie Brown's motion because it finds that Narmada Textile is not a required party, and that the complaint sufficiently states a plausible copyright infringement claim.

## 2. Legal Standard

### A. 12(b)(7)

Dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Rule 19, is a "two-step inquiry." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003). "First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2012 U.S. Dist. LEXIS 64929, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (O'Sullivan, Mag. J.) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria, *i.e.*, that the party is a required party, the court must order that party joined if its joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2). If the absent party is not required, the litigation continues as is. *See, e.g., Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 U.S. Dist. LEXIS 9471, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007) (Cooke, J.). However, an absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (Per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

Second, if the absent party's joinder is not feasible—*i.e.*, joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action—the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) ("[T]he court must [first] ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue."). "Thus, dismissal for failure to join an

indispensable party is only appropriate where the nonparty cannot be made a party." *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 U.S. Dist. LEXIS 76016, 2020 WL 2084851, at *2 (S.D. Fla. Apr. 30, 2020) (Bloom, J.) (citations omitted).

Rule 19(b) enumerates a list of the most significant factors considered in determining whether joinder of an absent party is indispensable, which includes "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder" of the absentee. Fed. R. Civ. P. 19(b). Those factors "must be reviewed in light of pragmatic concerns, especially the effect on the parties and the litigation." *Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir. 1985) (citations omitted). Finally, Rule 19(a)(3) provides that "[i]f a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Fed. R. Civ. P. 19(a)(3).

### B. 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557.

"[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

#### A. Motion to Dismiss for Failure to Join a Required Party

Bonnie Brown first argues that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join Narmada Textile, Bonnie Brown's alleged fabric supplier, as a required party under Federal Rule of Civil Procedure Rule 19. (Mot. 4, ECF No. 13.) The Court does not agree.

As outlined above, "Rule 19 states a two-part test for determining whether a party is indispensable." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003) (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)). "The first part of the analysis focuses on whether a party is a 'required part[y] (or "necessary" part[y] under the old terminology).'" *Santiago v. Honeywell Int'l, Inc.*, 768 F. App'x 1000, 1004 (11th Cir. 2019) (quoting *Republic of the Phil. v. Pimentel*, 553 U.S. 851, 859, 128 S. Ct. 2180, 2186, 171 L. Ed. 2d 131 (2008)).

> A person is a required party—or a necessary party—when (1) "in that person's absence, the court cannot accord complete relief among existing parties," or (2) where the absent party claims an interest relating to the action, disposing of the action without the absent party may "as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

*Id.* (quoting Fed. R. Civ. P. 19(a)(1)). Bonnie Brown argues that Narmada Textile is a required party based on all three of the foregoing grounds.

First, Bonnie Brown argues that, in the event its products are found to be infringing, its liability will be shared with Narmada Textile, so that if Narmada Textile is not joined as a defendant in this case, the finder of fact will be unable to apportion the appropriate monetary awards between Bonnie Brown and Narmada Textile. Bonnie Brown, however, provides no support for the argument that it must necessarily share any potential liability with Narmada Textile. To the contrary, the Eleventh Circuit has recognized that "[c]opyright infringement is in the nature of a tort, for which all who participate

in the infringement are jointly and severally liable[.]" *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008) (quoting *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 554 (2d Cir. 1972)). Joint tortfeasors are not necessary parties that must be joined in a single lawsuit. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990).

On this issue, the Court finds persuasive the decision in *Microsoft Corp. v. Cietdirect.com LLC* denying the defendant's motion to dismiss the plaintiff's copyright infringement complaint for failure to join the defendant's supplier. No. 08-60668-CTV, 2008 U.S. Dist. LEXIS 61956, at *19-20 (S.D. Fla. Aug. 5, 2008) (Ungaro, J.). In *Microsoft Corp.*, the plaintiff brought suit following the unauthorized sale of copyrighted software. *See id.* The court explained that "in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor." *See id.* at *19 (citing *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 207 (D.C.Cir.1981)). Because copyright infringement is governed by joint and several liability, the plaintiff could bring an action against any of the joint tortfeasors and recover full damages. *See id.* at *19-20. In other words, "the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor." *Id.* (citing *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 360 (2d Cir.2000)).

Similar to the finding in *Microsoft Corp.* that the defendant's supplier was not a required party, the Court finds that Narmada Textile is not a required party to the present action. Based on the pleadings, Bonnie Brown and Narmada Textile allegedly infringed on the same copyright and are part of the same distribution chain. Accordingly, the Plaintiffs may pursue full relief against either party they choose, without the absent party being required to join.

Next, Bonnie Brown asserts that the absence of Narmada Textile will have a prejudicial effect on its ability to protect its own interests. However, Bonnie Brown once again fails to adequately support its position, citing no reason why Narmada Textile claims an interest relating to this action. To the extent Bonnie Brown's argument is that the Plaintiffs' claims "would need to be proven against both" Narmada Textile and Bonnie Brown, it is incorrect for the reasons explained in the foregoing paragraphs. (*See* Mot. 5, ECF No. 13.)

Finally, Bonnie Brown raises the possibility of inconsistent obligations should Narmada Textile be named as a defendant in another case. However, Bonnie Brown seems to confuse the possibility of an inconsistent "adjudication" in another, future, case with the inconsistent obligations contemplated by Rule 19(a)(1)(ii). (*See* Mot. 5, ECF No. 13.) "Inconsistent

obligations' are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1040 (11th Cir. 2014) (quoting *Delgado v. Plaza Las Ams., Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)). Here, independent litigation to which Narmada Textile may be a party has no bearing on whether Bonnie Brown could comply with an injunction, and Bonnie Brown provides no other reason why proceeding without Narmada Textile leaves it at risk of incurring inconsistent obligations.

In short, the pleadings fail to establish that Narmada Textile is a required party pursuant to Rule 19(a).[2] Because of this, the Court need not consider whether, in its absence, the action should proceed among the existing parties or should be dismissed. *See Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990) ("[N] no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.").

### B. Motion to Dismiss for Failure to State a Claim

Bonnie Brown also argues that the complaint fails to plead sufficient facts upon which the Court may draw an inference of actionable copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* (Mot. 7, ECF No. 13.) To succeed on its copyright infringement claims, a plaintiff ultimately must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Morford v. Cattelan*, Civil Action No. 21-20039-Civ-Scola, 2022 U.S. Dist. LEXIS 118967, at *4 (S.D. Fla. July 6, 2022) (Scola, J.) (citing *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020)).

#### (1) *Standing to Sue for Copyright Infringement*

As a starting point, the Court addresses whether Trendtex Fabrics is a proper plaintiff in this action. Bonnie Brown argues that the complaint lacks clarity as to the standing of each Plaintiff. Specifically, Bonnie Brown attacks Trendtex Fabrics's ability to bring the copyright infringement claims at issue in light of the four assignments to Trendtex Holding that occurred in October 2022. (Mot. 9–10, ECF No. 13.) In response, the Plaintiffs concede that all of the copyrights at issue were assigned from Trendtex Fabrics to Trendtex

---

[2] Indeed, Bobbie Brown seems to concede in its reply in support of dismissal that Narmada Textile is not necessary to this case. (*See* Reply 2–3, ECF No. 16 ("[I]t is not untrue that different parties along the distribution chain may be sued for copyright infringement[.]").).

Holding and attaches the agreements evidencing those assignments. (*See* Resp. 8, ECF No. 15.) They argue, however, that, as a matter of prudence and judicial economy, Trendtex Fabrics should not be dismissed because Bonnie Brown may later attempt to challenge the validity of the assignments and Trendtex Holding's own standing. However, this is not a compelling reason to allow a plaintiff without proper standing to remain in the present suit.

Pursuant to the Copyright Act, "*only* the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action in a United States court." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290-91 (11th Cir. 2011) (emphasis added) (citing 17 U.S.C. § 501(b); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir. 1998)). "[O]nce an owner or exclusive licensee exclusively licenses away those rights to another, the licensor loses standing to sue for infringement of those rights, and only the licensee has standing to sue." *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, No. 93-0681-CIV, 1996 U.S. Dist. LEXIS 16631, at *11 (S.D. Fla. Aug. 1, 1996) (citing 3 M. NIMMER AND D. NIMMER, NIMMER ON COPYRIGHT § 12.02[B], p.12-54 - 12-55 (1996)). Because the Copyright Act specifies that the infringement must have "been committed while" a claimant was "the owner" of the exclusive right, "[t]he copyright owner must have such status at the time of the alleged infringement to have standing to sue." *See Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers, Inc.*, 171 F. Supp. 3d 1303, 1308 (S.D. Fla. 2016) (Moore, J.).

Here, the complaint alleges that Trendtex Holding is the owner of the copyrights at issue and exclusively licenses the designs to Trendtex Fabrics. (Compl. ¶ 8, ECF No. 1.) Trendtex Fabrics was the original registrant of the four copyrights, but assigned them to Trendtex Holding on October 31, 2022,[3] October 3, 2022, and October 24, 2022. (*Id.* ¶¶ 10–13.) The assignment agreements provided in the Plaintiffs' response opposing dismissal indicate that Trendtex Holding was assigned all of Trendtex Fabrics's rights to the copyrights, including "the right to recover for past infringements of the copyrights." (*See* ECF No. 15-2.)[4] Because the right was explicitly enumerated in the agreement in "no uncertain terms," Trendtex Holding does have standing to sue for past infringement. *See Vellejo v. Narcos Prods. LLC*, 418 F. Supp. 3d

---

[3] Two of the copyrights were assigned on this date.

[4] "[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). There is no question that the assignment agreements are central to the Plaintiffs' claims and neither party disputes their authenticity. Although Bonnie Brown asserts that it "simply cannot stipulate" to the agreements' authenticity at this juncture, this is not the same as questioning whether the agreements are, in fact, authentic. (*See* Reply 5, ECF No. 16.)

1084, 1088–89 (S.D. Fla. 2019) (Smith, J.) (citing *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698 (5th Cir. 1969)). Each of the earliest alleged infringement dates occurred *before* the copyrights had been assigned from Trendtex Fabrics to Trendtex Holding, except for design KS-5422, whose alleged infringement occurred *on the same day* as the assignment. (Compl. ¶¶ 10–13, 18, 30, 44, 56, ECF No. 1.) Moreover, while the complaint also alleges that, after the assignments in October 2022, Trendtex Holdings licensed the designs back to Trendtex Fabrics, the complaint provides no information regarding the nature of that license, such as its duration or what rights were conferred by the licensing agreements. (Compl. ¶¶ 10–13, ECF No. 1.) Accordingly, based on the allegations in the complaint, Trendtex Holding appears to be the only party with the exclusive right to sue for copyright infringement of the four designs.

Critically, the Plaintiffs' response concedes that "the assignments and general contract principles would suggest that Trendtex Holding has the exclusive right to prosecute this action." (Resp. 8, ECF No. 15.) But they ask the Court to allow both Trendtex Fabrics and Trendtex Holding to remain in the case in the interest of judicial efficiency, anticipating a potential challenge by Bonnie Brown to the validity of the assignments. As noted, this is not a compelling reason to allow a plaintiff without proper standing to remain in the present suit. Accordingly, the Court grants Bonnie Brown's request to dismiss Trendtex Fabrics's claims for lack of standing. The subsequent analysis therefore will impact only the remaining Plaintiff, Trendtex Holding.[5]

### (2) *Ownership of a Valid Copyright*

The parties otherwise agree that Trendtex Holding is the legitimate owner of the valid copyrights. (Mot. 10, ECF No. 13.) Therefore, the first prong of the two-prong inquiry need not be discussed further because Bonnie Brown does not contest the validity of the copyrights, nor Trendtex Holding's ownership, in its motion to dismiss. *See MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 89 F.3d 1548, 1554 (11th Cir. 1996).

### (3) *Copying of Constituent Elements*

Next, the second prong of the analysis "requires both 'factual and legal copying'": "a plaintiff must show both that (1) the defendant 'actually used' the copyrighted work and that (2) the copied elements are 'protected expression' such that the appropriation is legally actionable." *Morford*, 2022 U.S. Dist.

---

[5] Because the Court has concluded that this case will proceed with only Trendtex Holding as the Plaintiff, it need not address Bonnie Brown's additional argument that the complaint lacks clarity as to the right to certain claimed remedies relative to the two Plaintiffs.

LEXIS 118967, at *4 (quoting *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020)); *see also MiTek Holdings*, 89 F.3d at 1554 (". . . 1) whether the defendant, as a factual matter, copied portions of the plaintiff's program; and 2) whether, as a mixed issue of fact and law, those elements of the program that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.").

(a) *Factual Copying*

"In the absence of direct proof, factual copying may be inferred from circumstantial evidence, either through establishing that the works are 'strikingly similar,' **or** through 'proof of access to the copyrighted work and probative similarity.'" *Peter Letterese & Assocs. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1300-01 (11th Cir. 2008) (cleaned up) (emphasis added) (quoting *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 n.6 (11th Cir. 2002); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)). Neither party specifically discusses whether Trendtex Holding may be able to establish factual copying by showing that the works at issue are strikingly similar, so the Court will not address this possibility in its analysis. Instead, Bonnie Brown attacks the existence of factual copying by arguing that the complaint claims of access are merely speculative and not supported by sufficient facts. (Mot. 8, ECF No. 13.) The Court does not agree.

Access for the purposes of copyright infringement "requires proof of 'a reasonable opportunity to view' the work in question." *See Olem Shoe Corp. v. Washington Shoe Co.*, No. 09-23494-CIV, 2011 WL 6202282, at *15 (S.D. Fla. Dec. 1, 2011) (Huck, J.) (citing *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007)). The complaint alleges that Bonnie Brown had access to the copyrighted designs through various sources, including the Plaintiffs' website, place of business, or by seeing fabrics or garments displayed and/or sold by licensed third parties. (Compl. ¶¶ 21, 33, 47, 59, ECF No. 1.) The complaint specifies that samples of the designs are publicly available on Trendtex Fabrics's websites trendtex-fabrics.com and hawaiibarkcloth.com, as well as in person at Trendtex Fabrics's place of business. (*Id.* ¶ 9.) In addition, the complaint alleges that purchasers of licensed fabrics are, in turn, granted a license to display and sell garments or printed materials made from the purchased fabrics. (*Id.* ¶ 8.)

At the motion to dismiss stage, Trendtex Holding need not establish that Bonnie Brown had access to the designs, but only plausibly allege that it had such access. Moreover, "courts in this District have held that plaintiffs must have the opportunity to establish evidence showing the extent of internet presence in support of access." *See Morford v. Cattelan,* Civil Action No. 21-

20039-Civ-Scola, 2022 U.S. Dist. LEXIS 118967, at *13-14 (S.D. Fla. July 6, 2022) (Scola, J.) (compiling cases). In *Morford*, for example, the plaintiff generally alleged that the defendant had access to its copyrighted work and argued that the work had been available on YouTube and on the plaintiff's website for years and had been accessed from numerous countries. 2022 U.S. Dist. LEXIS 118967, at *13. This Court construed the plaintiff's allegations liberally to conclude that they were sufficient at the motion to dismiss stage. Here, the allegations of access are similarly sufficient because the designs are available on two websites, as well as at Trendtex Fabrics's place of business, in addition to being displayed and/or sold by licensed third parties. (Compl. ¶¶ 8, 9, ECF No. 1.)

Finally, "[p]robative similarity requires that 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" *Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*, 476 F. App'x 190, 192 (11th Cir. 2012) (quoting *Peter Letterese & Assocs. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1301 n.16 (11th Cir. 2008)). Bonnie Brown does not question whether the designs at issue are probatively similar. While Bonnie Brown contends that, based on a preliminary review, any claim that the parties' designs are identical is frivolous, the designs need not be identical to be probatively similar.

(b) *Legally Actionable Copying of Protectable Elements*

Legal copying looks to whether the similarities between the two works extend to the work's original, protectable elements. *See Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1306 (11th Cir. 2020); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 359, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). To establish the requisite similarity, courts apply different standards depending on the nature of the allegations.[6] *See generally Morford v. Cattelan*, Civil Action No. 21-20039-Civ-Scola, 2022 U.S. Dist. LEXIS 118967, at *6 (S.D. Fla. July 6, 2022) (Scola, J.) (summarizing different tests applied by the Eleventh Circuit). "In most cases," courts look to whether "substantial similarity" exists between the allegedly infringing work and the protectable elements of the copyrighted work. *See Newman*, 959 F.3d at 1302; *see also BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1147-48 (11th Cir. 2007). Thus, Trendtex Holding must plausibly allege that—after its print

---

[6] While a thorough application of these tests usually involves a multi-step analysis, given the nature of the Defendant's arguments for dismissal, the Court does not find such an analysis necessary here.

surface designs have been dissected and stripped (or filtered) of their non-protected elements—there is substantial similarity between the parties' works.

   Bonnie Brown argues that the complaint here pleads no facts upon which an inference may be drawn that it copied portions of the Plaintiffs' work. However, for each of the four designs at issue, the complaint alleges that Bonnie Brown's garment is identical or substantially similar to the copyrighted surface design and provides images allowing for a side-by-side comparison of the two products. (*See* Compl. ¶¶ 19, 31, 45, 57, ECF No. 1.) As touched on above, Bonnie Brown also contends that a cursory review of the side-by-side photos in the complaint clearly reveals that any allegation that the works are identical is frivolous. The Court does not agree and, in fact, finds that, for at least some of the designs at issue, the images seem to be indistinguishable. Moreover, the designs need not be identical to support a finding of substantial similarity, and Bonnie Brown does not question this in its motion to dismiss. *See Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1543 n.25 (11th Cir. 1996). Regardless, as this Court has observed in the past, "judge-observed similarities and differences between two works are 'inherently subjective and unreliable' and[,] [] unless such similarities and differences render a plaintiff's case bunk as a matter of law, such questions should go to the trier of fact." *See Morford v. Cattelan*, Civil Action No. 21-20039-Civ-Scola, 2022 U.S. Dist. LEXIS 118967, at *10 (S.D. Fla. July 6, 2022) (quoting *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1215 (11th Cir. 2000)).

   Finally, Bonnie Brown broadly argues that the complaint pleads no facts upon which the Court may draw an inference that any copied, constituent elements of the Plaintiff's designs are original, protectible, and of importance. However, the complaint provides the specific, original works that are the subject of the copyright claims—*i.e.*, the four different print surface designs. (*See* Compl. ¶¶ 19, 31, 45, 57, ECF No. 1.) It also alleges that Trendtex Holding is the owner of the copyrights to those works, that the copyrights are registered with the United States Copyright Office, and that each has its own, unique, copyright registration certificate number. (*See id.* ¶¶ 8, 10–13.) The complaint also sets forth that Bonnie Brown has infringed upon Trendtex Holding's rights through the unauthorized reproduction and sale of the exact same surface designs that are the subject of its copyrights. (*See id.* ¶¶ 9, 31, 45, 57.) Construing these allegations in the light most favorable to Trendtex Holding, as is required at this stage, the Court concludes that it has stated a valid claim for copyright infringement. Further, to the extent Bonnie Brown attacks the actual substance of the copyright infringement claims, those attacks are better suited for later stages of the litigation. *See Magical Mile, Inc. v. Benowitz*, 510 F. Supp. 2d 1085, 1088 (S.D. Fla. 2007) (Huck, J.) ("That the claim may ultimately be

inadequate is not enough to overcome such a valid claim at the motion to dismiss stage of litigation.").

(c) *No Requirement to Specifically State "Direct Infringement" Theory*

In its reply in support of its motion to dismiss, Bonnie Brown for the first time argues that the complaint does not satisfy the required pleading standards because the Plaintiffs failed to allege whether they are claiming copyright infringement pursuant to a direct or secondary copyright infringement theory. Preliminarily, the Court notes that, because Bonnie Brown did not raise this argument in its motion to dismiss, the Court need not consider it. *See Aknin v. Experian Info. Sols., Inc.*, Civil Action No. 17-22341-Civ-Scola, 2017 U.S. Dist. LEXIS 163146, at *6 (S.D. Fla. Oct. 3, 2017) (Scola, J.) ("Bright Star did not make these arguments or identify these deficiencies in its Motion to Dismiss. Therefore, Bright Star has waived the arguments and the Court will not consider them."). However, because the Court granted the Plaintiffs leave to file a sur-reply addressing the new argument, the Court will briefly discuss this issue on the merits.

The Plaintiffs' sur-reply counters that they are not required to use the exact phrase "direct infringement" when stating copyright infringement claims. The Court agrees. Bonnie Brown does not provide any authority for the argument that plaintiffs are required to allege the precise theory of liability pursuant to which they are proceeding. To the contrary, even the cases cited by Bonnie Brown indicate that the infringement theory a plaintiff is pursuing may be garnered from the nature of his allegations. *See, e.g., Disney Enters. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1307 (S.D. Fla. 2011) (Jordan, J.) ("Where a plaintiff shows that he owns a valid copyright and that the other party copied some of the protected elements of that work, he has shown direct infringement of his copyright."); *see also Broad. Music, Inc. v. Joint Bar & Grill, LLC*, No. 12-21209-CV, 2012 U.S. Dist. LEXIS 186206, at *3 n.1 (S.D. Fla. Dec. 11, 2012) (Lenard, J.) (inferring that the plaintiffs were advancing a theory of vicarious liability based on the language used in the complaint, even though the specific theory was not explicitly stated).

Based on the complaint, it is clear that the Plaintiffs are proceeding based on a theory of direct infringement. The Plaintiffs allege that they own valid copyrights, and each claim in the complaint includes a statement that the copyrighted designs and the alleged infringing designs are "substantially similar" and enumerates five possible ways Bonnie Brown could have "access" to the designs. Although Bonnie Brown is now challenging the sufficiency of the complaint for failing to state whether it advances a direct or indirect theory of copyright infringement, in its initial motion to dismiss, Bonnie Brown

challenged the claims as though they were for direct infringement, making no mention of possible alternative theories. Bonnie Brown did not bring up the lack of specificity until its reply, suggesting that it understood the Plaintiffs intended to advance a theory of direct copyright infringement.

Moreover, the Plaintiffs were clearly not pleading indirect infringement, which holds defendants responsible for infringement by third parties. *See Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, No. 19-cv-80488-BLOOM/Reinhart, 2019 U.S. Dist. LEXIS 132023, at *7 (S.D. Fla. Aug. 6, 2019) (Bloom, J.) Theories of indirect infringement include contributory infringement, requiring some inducement or encouragement of direct infringement, and vicarious infringement, requiring the right and ability to supervise the direct infringer. *See id.* The complaint contains no facts tending to support another party's direct infringement or Bonnie Brown's alleged relationship to the direct infringer.

In short, given that the complaint plainly advances a theory of direct infringement, the Court finds that it sufficiently pleads copyright infringement without expressly stating which theory the claims are based on.

### 4. Conclusion

For the reasons set out above, the Court **grants in part and denies in part** Bonnie Brown's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6). (**Mot., ECF No. 13**.) In short, while Trendtex Fabrics must be **dismissed** as a Plaintiff in this case, Narmada Textile is not a required party, and the complaint sufficiently states a plausible claim for copyright infringement.

**Done and ordered** at Miami, Florida on July 21, 2023.

_____
Robert N. Scola, Jr.
United States District Judge